THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION - AKRON

| | |
|---|---|
| **ANTHONY GAINER** :<br>6000 Beth Ave SW Lot 42 :<br>CANTON, OH 44706 :<br>  :<br>Plaintiff, :<br>  :<br>v. :<br>  :<br>  :<br>**JEFF'S MOTORCARS SERVICES, INC.** :<br>6151 Dressler Rd. NW :<br>NORTH CANTON, OH 44720 :<br>  :<br>Defendant. :<br>  : | CASE NO.  5:20-cv-2683<br><br>JUDGE<br><br>MAGISTRATE JUDGE<br><br>**Jury Demand Endorsed Herein** |

## COMPLAINT

NOW COMES Plaintiff Anthony Gainer ("Plaintiff") and proffers this Complaint for damages against Defendant Jeff's Motorcars Services, Inc. ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Stark County, Ohio.

2. Defendant Jeff's Motorcars Services, Inc. is an Ohio corporation doing business in the Northern District of Ohio.

3. At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), and by O.R.C. Chapter 4112.

4. Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), and by O.R.C. Chapter 4112.

1

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

6. This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. § 12101, *et seq*. ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. § 1331.  This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. § 1391, due to the fact that the Defendant has a facility in North Canton, Ohio, at which the events in question took place.

8. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

## FACTUAL BACKGROUND

9. Plaintiff began working for Defendant in or around March 2019 as a Mechanic.

10. Plaintiff's performance and disciplinary history with Defendant is devoid of any issues.

11. In or around 2014, Plaintiff was diagnosed with PTSD, which resulted from a jet ski explosion. To this day, Plaintiff receives continuing treatment for his PTSD.

12. In the beginning of his employment, Plaintiff disclosed his PTSD to his manager, Tom McCourt. Plaintiff's PTSD was also commonly known around Defendant's facility because Plaintiff often showed pictures of his jet ski accident to Defendant's other employees and managers, in the course of normal conversation.

13. On August 5, 2020, while Plaintiff was working on a car, his coworker, Jeremy Marquardt, launched a firework in Plaintiff's direction in the garage. The firework caused a loud explosion. Plaintiff began experiencing symptoms of his PTSD.

14. Because Mr. Marquardt thought it was amusing, Mr. Marquardt launched more fireworks at Plaintiff.

15. As a result of these explosions, Plaintiff's PTSD was triggered, and he had a severe panic attack. He fell on the floor and began shaking, his heart started racing, and he had difficulty breathing.

16. Almost immediately, Plaintiff told Mr. McCourt that he was having a panic attack and needed to go home.

17. Mr. McCourt ignored Plaintiff's severe panic attack and request to go home by saying, "you don't make that decision, I do." Nonetheless, Plaintiff had no choice but to go home because the symptoms of his PTSD flare-up were so severe.

18. The next day, Plaintiff went back into work. When he arrived, he was met by Mr. McCourt who informed Plaintiff that he was being terminated.

19. Plaintiff reminded Mr. McCourt of his PTSD and explained the panic attack was due to that and he could not control it. Mr. McCourt claimed that he was terminating Plaintiff because of Plaintiff's yelling during his panic attack, and because Plaintiff was not working long enough hours.

20. These reasons surprised Plaintiff, as Plaintiff often worked 60+ hours per week. Moreover, Plaintiff was confused why he was terminated for yelling, while Mr. Marquardt was not terminated for igniting fireworks in the company garage.

21. Additionally, yelling is a classic symptom of having a panic attack and it is not something that someone suffering from a panic attack can typically control.

22. Defendant had no legitimate reason for terminating Plaintiff other than the panic attack he experienced at work, caused by his diagnosed disability, PTSD. Plaintiff's termination is unlawful and violates the ADA and R.C. 4112.

23. Defendant claims that Plaintiff resigned. Plaintiff loved his job and would never have resigned from his employment voluntarily.

## COUNT I
### Disability Discrimination – R.C. § 4112.02

24. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

25. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

26. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. § 4112.01(A)(13) of the Ohio Revised Code.

27. Defendant knew Plaintiff was disabled and/or regarded him as disabled. Plaintiff disclosed his PTSD to Tom McCourt, along with several other co-workers who were also aware of the jet ski explosion that caused the PTSD.

28. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

29. Plaintiff suffered a panic attack at work as a result of his diagnosed PTSD.

30. Defendant discriminated against Plaintiff because of his disability by terminating him the day after he had a panic attack, which resulted from his diagnosed PTSD.

31. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

32. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

33. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
**Disability Discrimination – Americans with Disabilities Act**

34. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

35. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, et seq., and as defined in 42 U.S.C. § 12101.

36. Plaintiff is an otherwise qualified individual.

37. Defendant knew or had reason to know that Plaintiff was disabled and/or regarded him as disabled. Plaintiff disclosed his PTSD to Tom McCourt, along with several other co-workers who were also aware of the jet ski explosion that caused the PTSD.

38. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

39. Plaintiff suffered a panic attack at work as a result of his diagnosed PTSD.

40. Defendant discriminated against Plaintiff because of his disability by terminating him the day after he had a panic attack, which resulted from his diagnosed PTSD.

41. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

42. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

43. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Failure to Accommodate – R.C. § 4112.02

44. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein

45. At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. § 4112.01.

46. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. § 4112.01

47. Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded him as disabled. Plaintiff disclosed his PTSD to Tom McCourt, along with several other co-workers who were also aware of the jet ski explosion that caused the PTSD.

48. Plaintiff requested a reasonable accommodation for his disability when he asked to leave work early while he was in the midst of having a panic attack, which resulted from his PTSD.

49. Such reasonable accommodations were possible for Defendant to provide.

50. Defendant violated R.C. § 4112.02 by failing to accommodate Plaintiff's disability, by refusing to grant Plaintiff permission to leave during Plaintiff's panic attack, and by terminating Plaintiff for issues related to his disability.

51. Defendant violated R.C. § 4112.02 by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

52. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Failure to Accommodate – Americans with Disabilities Act

53. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein

54. At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. § 12102.

55. Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded him as disabled. Plaintiff disclosed his PTSD to Tom McCourt, along with several other co-workers who were also aware of the jet ski explosion that caused the PTSD.

56. Plaintiff was an otherwise qualified individual with a disability.

57. Plaintiff requested a reasonable accommodation for his disability when he asked to leave work early while he was having a panic attack, which resulted from his PTSD.

58. Such reasonable accommodations were possible for Defendant to provide.

59. Defendant violated the ADA by failing to accommodate Plaintiff's disability, by refusing to grant Plaintiff permission to leave during Plaintiff's panic attack, and by terminating Plaintiff for issues related to his disability.

60. Defendant violated the ADA by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

61. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and

suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

62. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT V
### Retaliation – R.C. § 4112.02

63. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

64. Plaintiff engaged in a protected activity by requesting that he be able to go home early from work due to a panic attack he experienced as a result of his PTSD.

65. Defendant knew Plaintiff engaged in a protected activity, as he directly asked Tom McCourt for the ability to leave early.

66. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing his reasonable accommodation, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

67. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

68. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VI

### Retaliation – Americans with Disabilities Act

69. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

70. Plaintiff engaged in a protected activity by requesting that he be able to go home early from work due to a panic attack he experienced as a result of his PTSD.

71. Defendant knew Plaintiff engaged in a protected activity, as he directly asked Tom McCourt for the ability to leave early.

72. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing his reasonable accommodation, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

73. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

74. Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel Sabo Friedmann*
Rachel A. Sabo (0089226)
(Rachel@thefriedmannfirm.com)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9756 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Rachel Sabo Friedmann*
Rachel Sabo Friedmann (008922